**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CRAIG JONES, | ) NO. ED CV 07-830-E |
| Plaintiff, | ) |
| v. | ) **MEMORANDUM OPINION** |
| MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | ) |
| Defendant. | ) |

**PROCEEDINGS**

Plaintiff filed a Complaint on July 13, 2007, seeking review of the Commissioner's denial of benefits.  The parties filed a "Consent to Proceed Before a United States Magistrate Judge" on August 7, 2007.

Plaintiff filed a "Motion for Summary Judgment" on January 25, 2008.  Defendant filed "Defendant's Summary Judgment Motion" on April 7, 2008.  The Court has taken both motions under submission without oral argument.  See L.R. 7-15; "Order," filed July 20, 2007.

///

1                 **BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION**

2

3       Plaintiff claimed disability based predominantly if not

4 exclusively on alleged physical problems (Administrative Record

5 ("A.R.") 66-336).  The Administrative Law Judge ("ALJ") examined the

6 medical record and heard testimony from Plaintiff, a medical expert,

7 and a vocational expert (A.R. 11-336).

8

9       The ALJ found that Plaintiff has no medically determinable

10 impairment other than hypertension with renal insufficiency, and that

11 Plaintiff retains the residual functional capacity to perform his past

12 relevant work as a lawn care laborer and day worker/handyman (A.R. 14-

13 15).  The Appeals Council denied review (A.R. 4-6).

14

15                       **SUMMARY OF PLAINTIFF'S CONTENTIONS**

16

17       Plaintiff contends that the Administration failed properly to

18 discuss or evaluate Plaintiff's alleged mental impairments.

19 Specifically, Plaintiff contends that the ALJ failed to: (1) rate the

20 severity of the alleged mental impairments; (2) consider properly

21 certain doctors' notes regarding "depression"; (3) evaluate properly

22 Plaintiff's testimony regarding alleged mental impairments; and

23 (4) incorporate mental impairments into the hypothetical question the

24 ALJ posed to the vocational expert.

25

26                          **STANDARD OF REVIEW**

27

28       This Court "may not affirm [the Administration's] decision

simply by isolating a specific quantum of supporting evidence, but must also consider evidence that detracts from [the Administration's] conclusion." Ray v. Bowen, 813 F.2d 914, 915 (9th Cir. 1987) (citation and quotations omitted). However, the Court cannot disturb findings supported by substantial evidence, even though there may exist other evidence supporting Plaintiff's claim. See Torske v. Richardson, 484 F.2d 59, 60 (9th Cir. 1973), cert. denied, 417 U.S. 933 (1974); Harvey v. Richardson, 451 F.2d 589, 590 (9th Cir. 1971).

The harmless error rule applies to the review of administrative decisions regarding disability. See Curry v. Sullivan, 925 F.2d 1127, 1129 (9th Cir. 1991); see also Batson v. Commissioner, 359 F.3d 1190, 1196 (9th Cir. 2004); Tonapetyan v. Halter, 242 F.3d 1144, 1148 (9th Cir. 2001).

**DISCUSSION**

After consideration of the record as a whole, Defendant's motion is granted and Plaintiff's motion is denied. The Administration's findings are supported by substantial evidence and are free from material[1] legal error.

A social security claimant bears the burden of "showing that a physical or mental impairment prevents him [or her] from engaging in

---

[1]   The harmless error rule applies to the review of administrative decisions regarding disability. See Curry v. Sullivan, 925 F.2d 1127, 1129 (9th Cir. 1991); see also Batson v. Commissioner, 359 F.3d 1190, 1196 (9th Cir. 2004); Tonapetyan v. Halter, 242 F.3d 1144, 1148 (9th Cir. 2001).

any of his [or her] previous occupations." <u>Sanchez v. Secretary</u>, 812

F.2d 509, 511 (9th Cir. 1987); <u>see</u> <u>Sample v. Schweiker</u>, 694 F.2d 639,

643 (9th Cir. 1982).  Plaintiff must demonstrate the severity of his

impairments by "medically acceptable clinical and laboratory

diagnostic techniques."  42 U.S.C. § 423(d)(3); 20 C.F.R. § 404.1508;

20 C.F.R. § 404.1512(b).  Substantial evidence supports the conclusion

Plaintiff failed to carry his burden of proof in the present case.


        Contrary to Plaintiff's argument, the record contains no

significant evidence of any functionally limiting mental impairment.

Among the hundreds of pages of records, there exist only two

handwritten doctors' notes that mention or circle the word

"depression" (A.R. 281, 292).  Neither note suggests that any

functional limitation resulted from this "depression."  On occasion,

Plaintiff used the word "stress," but Plaintiff failed to present any

significant evidence of stress-related impairment.  When asked by the

ALJ whether Plaintiff had even seen a psychiatrist or psychologist

since January of 2002, Plaintiff said he could not remember, although

he reportedly did know he had "been on Prozac before" (A.R. 319).


        "[T]he ALJ has a special duty to fully and fairly develop the

record and to assure that the claimant's interests are considered."

<u>Brown v. Heckler</u>, 713 F.2d 441, 443 (9th Cir. 1983).  However, the

mere mention of "depression" or "stress" allegedly resulting from a

physical condition does not require that the ALJ investigate the

possibility of a disabling mental impairment.  <u>See</u> <u>Sanchez v.</u>

<u>Secretary</u>, 812 F.2d 509, 511-12 (9th Cir. 1987) (although claimant

reported some depression to the ALJ, Plaintiff's mental condition "was

4

not significantly at issue at the hearing" and the ALJ had no duty to investigate further the possibility of a disabling mental impairment); <u>Pyne v. Astrue</u>, 2008 WL 298828 **9, 13-14 (E.D. Cal. Feb. 1, 2008) (no error to fail to develop the record even though the claimant asserted depression and previously took Prozac; "[b]ased on the foregoing, including the scant mention of Claimant's depression, the failure of her treating sources to recommend that she see a therapist, and the lack of any indication that her depression contributed to her alleged disability, the Court concludes that the ALJ did not err in failing to develop the record further as to Claimant's depression").  As Defendant aptly states, "[i]t was the ALJ's duty to develop the record, not create one" ("Defendant's Summary Judgment Motion" at 5).

Thus, the ALJ did not err by failing specifically to rate the severity of the alleged mental impairments, allegedly failing properly to consider the doctors' notes, or allegedly failing properly to evaluate Plaintiff's testimony.  Plaintiff's further contention that the ALJ erred in connection with the hypothetical questioning of the vocational expert also lacks merit.  Hypothetical questions posed to a vocational expert need include only the limitations the ALJ finds to exist.  <u>See, e.g.</u>, <u>Bayliss v. Barnhart</u>, 427 F.3d 1211, 1217-18 (9th Cir. 2005); <u>Rollins v. Massanari</u>, 261 F.3d 853, 857 (9th Cir. 2001). The ALJ did not find any mental limitation to exist.

Finally, any error by the Administration in connection with Plaintiff's alleged mental impairments was harmless.  Again, there exists no significant evidence of any functionally limiting mental impairment.  There exists no reason to believe that further record

1   development would have revealed any such evidence.   More specific or

2   additional discussion, consideration or evaluation of the alleged

3   mental impairments would not have altered the outcome of the

4   administrative proceedings.

5

6                               **CONCLUSION**

7

8        For all of the reasons discussed herein, Plaintiff's motion for

9   summary judgment is denied and Defendant's motion for summary judgment

10  is granted.

11

12       LET JUDGMENT BE ENTERED ACCORDINGLY.

13

14       DATED:  April 16, 2008.

15

16

17                  _____/S/_____
                           CHARLES F. EICK
18              UNITED STATES MAGISTRATE JUDGE

19

20

21

22

23

24

25

26

27

28